**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER LOCKETT,   ) | |
| ) | |
| Movant,   ) | |
| ) | Cv. No. 2:20-cv-2490-SHM-tmp |
| v.   ) | Cr. No. 2:15-cr-20245-SHM-1 |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.   ) | |

**ORDER DENYING AND DISMISSING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (§ 2255 Motion, ECF No. 1) filed by Movant Christopher Lockett, Bureau of Prisons register number 27694-076, an inmate then incarcerated at the Federal Correctional Institution in Memphis, Tennessee, and the Response of the United States in Opposition to Defendant's Motion Under 28 U.S.C. 2255 (ECF No. 5). For the reasons stated below, Lockett's § 2255 Motion is **DENIED** and **DISMISSED**.

**I.   CRIMINAL CASE NO. 15-20045-SHM-1**

On September 24, 2015, a federal grand jury returned an indictment charging Lockett with one count of being a felon in possession of a firearm affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1) (Count One). (*See* Cr. No. 16-20992, ECF No. 1 at PageID 1.) On January 20, 2016, Lockett pled guilty to Count One of the indictment pursuant to a Fed. R. Crim. P. 11(c)(1)(B) plea agreement. (*See* ECF Nos. 54 & 57.) In exchange for the

concessions made by the United States, Lockett waived the right to appeal any sentence within the applicable guideline range or lower and waived the right to any collateral attack except on claims of prosecutorial misconduct or ineffective assistance of counsel. (ECF No. 57 at PageID 76.)

On May 20, 2016, the Court sentenced Lockett to 92 months in prison, to be followed by three years supervised release. (ECF No. 80; *see* ECF No. 81 at PageID 119-20.) Lockett did not appeal.

## II.     THE § 2255 MOTION, CIVIL CASE NO. 20-2490

On July 8, 2020, Lockett filed his § 2255 Motion. (Civ. No. 20-2490, ECF No. 1.) He alleges that, in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), no one understood the essential elements of the offense, and his guilty plea was unknowing and unintelligent. (*Id.* at PageID 1.) Lockett asserts that he was never "told that the crime required proof that he had been convicted of a crime punishable by more than one year at the time he possessed the weapon." (*Id.* at PageID 3.) He contends that: 1) he had no notice of an essential element of the offense, 2) his guilty plea was not knowing and voluntary, and 3) his § 922(g) conviction must be vacated because of this structural error. (*Id.* at PageID 1, 4)

The Government argues that: 1) Lockett's § 2255 Motion is untimely, 2) his *Rehaif*-based claims are procedurally defaulted, 3) his claims are waived, and 4) he has not shown that *Rehaif* error constituted a fundamental defect that resulted in a complete miscarriage of justice. (ECF No. 6 at PageID 17-24.)

**III.     STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id*.

**IV.     ANALYSIS**

In *Rehaif,* the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and

3

that he knew he belonged to the relevant category of persons barred from possessing a firearm."[1] *Rehaif*, 139 S. Ct. at 2200. The defendant in *Rehaif* had been convicted of violating 18 U.S.C. § 922(g)(5)(A), which prohibits the possession of firearms by persons who are "illegally or unlawfully in the United States." The penalty provision, 18 U.S.C. § 924(a)(2), refers to persons who "knowingly" violate § 922(g). On appeal, the defendant argued that the trial judge had erred in instructing the jury that the defendant did not need to know that he was in the country unlawfully. *Rehaif*, 139 S. Ct. at 2195. The Supreme Court explained that,

> [w]ith some here-irrelevant omissions, § 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien ... illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").

*Id.* at 2195–96. The word "knowingly" does not apply to the jurisdictional element, but it applies to the remaining elements. *Id.* at 2196. The Supreme Court said that "[w]e express no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." *Id.* at 2200. The Sixth Circuit has confirmed that *Rehaif* applies retroactively in § 2255 proceedings. *See Kelley v. United States*, No. 20-5448, 2021 WL 2373896, at *2 (6th Cir. Feb. 5, 2021); *see Corthion v. United States*, No. 1:18-cv-01120-JDB-jay, 2021 WL 3131693, at *1 n.3 (W.D. Tenn. July 23, 2021).

### A. The § 2255 Motion is Not Timely

Twenty-eight U.S.C. § 2255(f) provides that "[a] 1-year period of limitation shall apply to a motion under this section." In most cases, the § 2255 limitations period begins to run on

---

[1] "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Matthews v. United States*, No. 19-2091, 2020 WL 2614619, at *2 (6th Cir. Jan. 6, 2020), quoting *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019).

"the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where, as here, a prisoner does not take a direct appeal, "an unappealed district court judgment of conviction becomes 'final' [fourteen] days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (footnote omitted); *see also Benitez v. United States*, 521 F.3d 625, 629-30, 636 (6th Cir. 2008) (applying *Sanchez-Castellano* and holding that § 2255 motion filed two days late was untimely unless movant was entitled to equitable tolling). Here, the judgment was entered on May 20, 2016. (Cr. No. 15-20045, ECF No. 82.) The deadline to file a notice of appeal expired fourteen days later, on June 3, 2016, at which time the running of the § 2255 limitations period commenced. The limitations period expired one year later, on June 5, 2017.

Lockett's § 2255 Motion was filed in 2020, more than three years after the judgment became final. He does not make an argument about the timeliness of his § 2255 Motion. However, he relies on *Rehaif* to pursue his claims.

Section 2255(f) states that the one-year statute of limitations shall run from the latest of several dates, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The parties agree that *Rehaif* is retroactively applicable to Lockett's case. (Civ. No. 20-2490, ECF No. 1 at PageID 6; ECF No. 6 at PageID 17.) The Government argues that Lockett's motion was untimely because it was not filed within one year of *Rehaif*. (*Id.*)

5

*Rehaif* was decided on June 21, 2019. Lockett filed his § 2255 Motion on July 8, 2020, more than one year after the *Rehaif* decision. His § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(3).

**B. Equitable Tolling**

"The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). Equitable tolling is available "where a motion to vacate is filed after the one-year limitations period contained in 28 U.S.C. § 2255." *Benitez*, 521 F.3d at 630. "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.*

A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Lockett has not requested equitable tolling and makes no effort to show that he is entitled to it.

Equitable tolling may also be appropriate "based on a credible showing of actual innocence." *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). Lockett does not assert a claim of actual innocence. He asserts a lack of notice of the elements of the crime.

The Supreme Court has held that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. . . ." *Bousley v. United States*, 523 U.S. 614, 622 (1998). "[A]ctual

6

innocence means factual innocence, not mere legal insufficiency." *Id*. (internal quotation marks omitted).  A petitioner may show actual innocence by showing an "intervening change in the law that establishes actual innocence." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001).

The Government contends that the record conclusively establishes that Lockett had knowledge of his prohibited status when he possessed the firearm that led to his plea and conviction.  (ECF No. 6 at PageID 21.)  Lockett gave a statement to a probation officer that "on May 24, 2015, he was in possession of a firearm knowing that I had previously been convicted on a felony offense against the laws of the State of Tennessee."  (*Id.*; *see* Presentence Investigation Report ("PSR") ¶ 12.)  According to the PSR, when Lockett possessed the firearm that led to the instant conviction, he had multiple felony convictions including: (1) a 2009 conviction for possession with the intent to sell a controlled substance for which he was sentenced to 4 years in prison; (2) a 2009 conviction for possession with the intent to sell a controlled substance for which he was sentenced to 2 years in prison; (3) a 2009 conviction for attempt to possess a firearm during the commission of a dangerous felony for which he was sentenced to 2 years in prison; (4) a 2009 conviction for possession with intent to sell a controlled substance for which he was sentenced to 2 years in prison; (5) a 2009 conviction for attempt to possess a firearm during commission of a dangerous felony for which he was sentenced to 2 years in prison; (6) a 2011 conviction for possession with intent to sell a controlled substance for which he was sentenced to 2 years in prison; and (7) a 2013 conviction for possession within intent to sell a controlled substance.  (*See* PSR ¶¶ 31-33, 36.)  Lockett committed the instant offense while on parole.  (*Id.*, ¶ 39.)  He did not dispute that he had any of these felony convictions.  (*See* Cr. No. 15-20045, ECF No. 74.)  The Government asserts that it

defies common sense that Lockett did not know of these prior felony convictions. (Civ. No. 20-2490, ECF No. 6 at PageID 22.)

The Government has also attached state court judgments imposing four of Lockett's prior felony convictions. (*See* ECF No. 6-1.) The Government argues that this clearly establishes that, when he possessed the firearm for purposes of the instant conviction, Lockett knew of his felony status. (ECF No. 6 at PageID 22.)

In *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021), the Supreme Court addressed the difficulty that convicted felons face in overcoming *Rehaif* error because, "[i]f a person is a felon, he ordinarily knows he is a felon. 'Felony status is simply not the kind of thing that one forgets.'"[2] In *Kelley*, 2021 WL 2373896, at *2, the Sixth Circuit denied relief under *Rehaif* because the defendant was not actually innocent where the defendant acknowledged his criminal history, including his felony convictions, and the PSR demonstrated that the defendant was on parole when he committed the charged offense.

Lockett had been convicted of seven felonies, had served his sentences, and was on parole at the time that he committed the instant offense. He acknowledged that he was a felon, and he has not disputed knowledge of his status at the time of the instant offense. Lockett has failed to demonstrate actual innocence. He has failed to demonstrate entitlement to equitable tolling.

---

[2] The Court in *Greer*, 141 S. Ct. at 2100, determined that *Rehaif* error in a plea colloquy is not a structural error that would affect the entire conduct of a proceeding and require reversal of a conviction.

V. **CONCLUSION**

Lockett's § 2255 Motion is untimely filed, and he is not entitled to equitable tolling. Because the § 2255 Motion is time-barred, the § 2255 Motion is **DENIED** and **DISMISSED**.[3] Judgment shall be entered for the United States.

VI. **APPELLATE ISSUES**

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

---

[3] Because the § 2255 Motion is time-barred, the Court will not address the Government's other arguments.

In this case, for the reasons stated above, the § 2255 Motion is time-barred and, therefore, Movant cannot present a question of some substance about which reasonable jurists could differ. The Court, therefore, **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5).

In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is **DENIED**. If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)–(5)).

IT IS SO ORDERED this 10th day of May, 2023.

                                         *s/  Samuel H. Mays, Jr.*
                                         SAMUEL H. MAYS, JR.
                                         UNITED STATES DISTRICT JUDGE